IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALSTON PERRIN<br>          *Defendant.* | No. 3:12-CR-00005<br><br><u>MEMORANDUM OPINION</u><br><br>JUDGE NORMAN K. MOON |

The Court considers Defendant's *pro se* motion for early termination of supervised release. Dkt. 69. Defendant was sentenced to a period of seventy-one months' incarceration, followed by a period of supervised release for a term of forty-eight months, for conspiracy to distribute and possession with the intent to distribute 28 grams or more of cocaine base. Dkt. 62. The guideline range for his imprisonment at sentencing was 57-71 months, with a 60-month statutory minimum. Dkt. 60 at 12. And the guideline range for a term of supervised release was four to five years, with a statutory minimum of four years. *Id.* Defendant was released on November 4, 2019, and immediately started his supervised release. Dkt. 69. He has served two years and eleven months of his supervised release. *Id.* As of August 2022, when his motion for early termination of supervised release was filed, he had been in full compliance in all areas of his supervision, without incident. *Id.* His probation officer does not oppose his request and supports his request. *Id.* For the reasons stated below, the Court grants Defendant's motion.

Pursuant to 18 U.S.C. § 3583(e)(2), the Court may "modify, reduce, or enlarge the conditions of supervised release, at any time" before the term of supervision ends. In doing so, the Court must weigh the same sentencing factors that it considers in an early termination of a term of supervised release: the nature and circumstances of the offense and the history and

1

characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victim of the offense. 18 U.S.C. § 3583(e)(2); *id.* § 3553(a).

At the time of his arrest, Defendant was in absconder status from a term of supervised release. Dkt. 60 at 7, 9. Defendant had been released from prison on May 25, 2009, to begin a five-year term of supervised release under the supervision of the New York probation office. *Id.* at 9. He absconded from supervision in December 2011. *Id.* at 7. But his supervision term was inadvertently terminated without a warrant being filed. *Id.* He was still under that term of supervised release when he committed the offense for which his sentence is currently being considered, although his actual arrest occurred after that term would have expired. *Id.* at 14. He sold cocaine base in the Western District of Virginia from September to December 2011, according to his indictment, while on supervised release in New York. *Id.*

Since the Court sentenced him in 2012, Defendant served his full sentence of imprisonment. Dkt. 69. Upon his release, Defendant immediately began working as a personal trainer at Blink Fitness – Fulton Street. *Id.* He has maintained this employment since his release. *Id.* He hopes to advance his career as a personal trainer by taking additional certification courses, some of which are out of state. *Id.*

Defendant also is the father of three children who live out of state. *Id.* He is close with his children and wants his supervised release terminated so that he could travel freely to see them. *Id.* He recognizes that career advancement discussed above would increase his income and therein aid him in supporting his children financially. *Id.*

Defendant has served thirty-five months of his forty-eight month supervised release term. His probation officer supports his request for early termination of supervised release. The Government has filed no objection. After weighing the § 3553(a) factors, the Court hereby grants Defendant's motion for early termination of supervised release.

The Clerk of the Court is directed to send a certified copy of this order to all counsel of record and to the Defendant.

Entered this __3rd__ day of November, 2022.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE